## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| NEODRON LTD., <br><br> Plaintiff, <br><br> v. <br><br> LENOVO GROUP LTD. and LENOVO (UNITED STATES) INC., <br><br> Defendants. | Case No.  6:19-cv-320 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST
## LENOVO GROUP LTD. AND LENOVO (UNITED STATES) INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Neodron Ltd. ("Plaintiff" or "Neodron") makes the following allegations against Defendants Lenovo Group Ltd. and Lenovo (United States) Inc. (collectively, "Defendants"):

## INTRODUCTION

1.      This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Neodron, each of which generally relate to touchscreen technology: United States Patent Nos. 8,432,173 ("'173 Patent"); 8,791,910 ("'910 Patent"); 9,024,790 ("'790 Patent"); and 9,372,580 ("'580 Patent") (collectively, the "Asserted Patents").

2.      Touchscreen technology plays a ubiquitous and important role in countless electronic devices today. Beyond just providing greater usability to smartphones, tablets and notebooks, touchscreens now fill our lives in public and private spaces, from our homes and cars to the restaurants and stores we visit.

3.      But just a few decades ago, touchscreen technology could only be found in science fiction books and film. Although the underlying science behind touch technology can be traced back to the 1940s, working touchscreens were not conceived and feasible until the mid-1960s, when the first finger-driven touchscreen was invented by E.A. Johnson in 1965 at the Royal Radar Establishment in Malvern, United Kingdom. Since then, it took several generations and major technological advancements for touchscreens to achieve the level of complexity—and convenience—we see and enjoy today.

4.      Built on the fundamental breakthrough that our hands and fingers can form changes in the capacitance of electrodes and electrode-connections when they are in close proximity to them, touch technology has developed rapidly over the years. Along the way, engineers have worked tirelessly to try to overcome the limitations and roadblocks touch technology presents. From conceiving various ways to detect (and correctly ignore) unintentional touches, to minimizing signal "noise," to reducing the latency and power consumption that comes with any complex, multi-part electrical process, there have been many advances to various aspects of the technology—each building a little on a related advancement before it—to get us to the highly advanced state we enjoy today.

5.      These advancements range from fundamental ones, which make basic touch technology work, to optional improvements, which typically represent one technological option that improves aspects of the user experience and functionality of a touchscreen. This infringement action is about the latter: several patented improvements—which took years of research and millions of dollars in U.S. investments to develop, and which are infringed by Defendants' accused products.

## PARTIES

6.      Plaintiff Neodron, Ltd. is an Irish company, having its principal place of business at Unit 4-5, Burton Hall Road, Sandyford, Dublin 18, D18a094. Neodron is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

7.      On information and belief, Defendant Lenovo Group Ltd. is organized under the laws of the People's Republic of China, with its principal place of business is at 6 Chuang ye Road, Haidian District, Beijing 100085, China.

8.      On information and belief, Defendant Lenovo (United States) Inc., a wholly-owned subsidiary of Lenovo Group Ltd., is corporation organized under the laws of the State of Delaware, with principal place of business at 1009 Think Place, Building One, Morrisville, North Carolina 27560.

## JURISDICTION AND VENUE

9.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.      This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

11.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants are registered to do business in Texas, and upon information and belief, Defendants have

transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the asserted patents. On information and belief, Defendants have a regular and established place of business in the District, including multiple service centers in Austin and San Antonio, Texas, and Defendants employ employees and advertise jobs in this District.[1]

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 8,432,173

12.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 8,432,173, entitled "Capacitive Position Sensor." The '173 Patent was duly and legally issued by the United States Patent and Trademark Office on April 30, 2013. A true and correct copy of the '173 Patent is attached as Exhibit 1.

14.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Tab 4 10.1 and the Lenovo Yoga 730, that directly infringe, literally and/or under the doctrine of equivalents, at least claims 1–19 of the '173 Patent.

15.     Defendants also knowingly and intentionally induce infringement of at least claims 1 and 3–9 of the '173 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, and also through the filing and service of a complaint with the United States International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C.

---

[1] *See, e.g.*, https://www.service-center-locator.com/lenovo/texas/lenovo-austin-texas.htm; https://lenovocareers.com/areas-mobile.html.

§ 1337, Defendants have had knowledge of the '173 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '173 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '173 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '173 Patent, thereby specifically intending for and inducing their customers to infringe the '173 Patent through the customers' normal and customary use of the Accused Products.

16.     The Accused Products satisfy all claim limitations of at least claims 1–19 of the '173 Patent. Claim charts comparing independent claims 1, 10 and 19 of the '173 Patent to representative Accused Products, the Lenovo Tab 4 10.1 and the Lenovo Yoga 730, are attached as Exhibits 2–3.

17.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '173 Patent pursuant to 35 U.S.C. § 271.

18.     As a result of Defendants' infringement of the '173 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

19.     Defendants' infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '173 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that

come within the scope of the patent claims.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 8,791,910

20.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

21.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 8,791,910 (the "'910 Patent"), entitled "Capacitive Keyboard With Position-Dependent Reduced Keying Ambiguity." The '910 Patent was duly and legally issued by the United States Patent and Trademark Office on July 29, 2014. A true and correct copy of the '910 Patent is attached as Exhibit 4.

22.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Yoga 730, that directly infringe, literally and/or under the doctrine of equivalents, at least claims 1–37 of the '910 Patent.

23.     Defendants also knowingly and intentionally induce infringement of at least claims 1–12 of the '910 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, and also through the filing and service of a complaint with the United States International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, Defendants have had knowledge of the '910 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '910 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '910 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell,

and/or import the Accused Products, despite their knowledge of the '910 Patent, thereby specifically intending for and inducing their customers to infringe the '910 Patent through the customers' normal and customary use of the Accused Products.

24. The Accused Products satisfy all claim limitations of at least claims 1–37 of the '910 Patent. A claim chart comparing independent claims 1, 13, and 25 of the '910 Patent to a representative Accused Product, the Lenovo Yoga 730, is attached as Exhibit 5.

25. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '910 Patent pursuant to 35 U.S.C. § 271.

26. As a result of Defendants' infringement of the '910 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

27. Defendants' infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '910 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. 9,024,790**

28. Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

29. Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 9,024,790 (the "'790 Patent"), entitled "Capacitive Keyboard With Non-Locking Reduced Keying

Ambiguity." The '790 Patent was duly and legally issued by the United States Patent and Trademark Office on May 5, 2015. A true and correct copy of the '790 Patent is attached as Exhibit 6.

30.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Yoga 730, that directly infringe, literally and/or under the doctrine of equivalents, at least claims 1, 4–8, 10–14, and 16–24 of the '790 Patent.

31.     Defendants also knowingly and intentionally induce infringement of at least claims 7, 8, 10–12, and 22–24 of the '790 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, and also through the filing and service of a complaint with the United States International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, Defendants have had knowledge of the '790 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '790 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '790 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '790 Patent, thereby specifically intending for and inducing their customers to infringe the '790 Patent through the customers' normal and customary use of the Accused Products.

32.     The Accused Products satisfy all claim limitations of at least claims 1, 4–8, 10–14, and 16–24 of the '790 Patent. A claim chart comparing independent claims 1, 7, and 13 of the '790 Patent to a representative Accused Product, the Lenovo Yoga 730, is attached as Exhibit 7.

33.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '790 Patent pursuant to 35 U.S.C. § 271.

34.     As a result of Defendants' infringement of the '790 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

35.     Defendants' infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '790 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 9,372,580

36.     Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

37.     Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 9,372,580 (the "'580 Patent"), entitled "Enhanced Touch Detection Methods." The '580 Patent was duly and legally issued by the United States Patent and Trademark Office on June 21, 2016. A true and correct copy of the '580 Patent is attached as Exhibit 8.

38.     On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as the Lenovo Yoga 730, that directly infringe, literally and/or under the doctrine of equivalents, at least claims 1–12 of the '580 Patent.

39.     Defendants also knowingly and intentionally induce infringement of at least claims

1–4 of the '580 Patent in violation of 35 U.S.C. § 271(b). Through the filing and service of this Complaint, and also through the filing and service of a complaint with the United States International Trade Commission (ITC) pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, Defendants have had knowledge of the '580 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '580 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '580 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '580 Patent, thereby specifically intending for and inducing their customers to infringe the '580 Patent through the customers' normal and customary use of the Accused Products.

40.     The Accused Products satisfy all claim limitations of at least claims 1–12 of the '580 Patent. A claim chart comparing independent claims 1, 5, and 9 of the '580 Patent to a representative Accused Product, the Lenovo Yoga 730, is attached as Exhibit 9.

41.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Neodron and are liable for infringement of the '580 Patent pursuant to 35 U.S.C. § 271.

42.     As a result of Defendants' infringement of the '580 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

43.     Defendants' infringing activities have injured and will continue to injure Neodron,

unless and until this Court enters an injunction prohibiting further infringement of the '580 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Neodron respectfully requests that this Court enter:

a.      A judgment in favor of Neodron that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '173 Patent, the '910 Patent, the '790 Patent, and the '580 Patent;

b.      A permanent injunction prohibiting Defendants from further acts of infringement of the '173 Patent, the '910 Patent, the '790 Patent, and the '580 Patent;

c.      A judgment and order requiring Defendants to pay Neodron its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '173 Patent, the '910 Patent, the '790 Patent, and the '580 Patent; and

d.      A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Neodron, including without limitation, pre-judgment and post-judgment interest;

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Neodron its reasonable attorneys' fees against Defendants; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Neodron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.


Dated: May 21, 2019                          Respectfully submitted,

                                             */s/ Paul A. Kroeger*

                                             Reza Mirzaie (CA SBN 246953)
                                             rmirzaie @ raklaw.com
                                             Paul A. Kroeger (CA SBN 229074)
                                             pkroeger@raklaw.com
                                             Philip X. Wang (CA SBN 262239)
                                             pwang@raklaw.com
                                             RUSS AUGUST & KABAT
                                             12424 Wilshire Blvd. 12th Floor
                                             Los Angeles, CA 90025
                                             Phone: (310) 826-7474

                                             **Attorneys for Plaintiff Neodron Ltd.**